**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CONNY TEJADA,**

**Plaintiff,**

vs.                                                                                   Case No.

**SAMUEL RAMZI BOUTROS,
KRESS BUILDING, INC.,
RAB LAND & DEVELOPMENT, INC.,
RAB LAND CONDOMINIUMS, LLC,
RAB LAND ENTERPRISES, LLC,
RAB LAND HOUSING, LLC,
RAB LAND INVESTMENTS, LLC,
RAB LAND PROPERTIES, LLC,
RAB LAND RENTALS, LLC,
and RAB LAND, LLC**

**Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CONNY TEJADA, by and through undersigned counsel, hereby sues Defendants, SAMUEL RAMZI BOUTROS, KRESS BUILDING, INC., RAB LAND & DEVELOPMENT, INC., RAB LAND CONDOMINIUMS, LLC, RAB LAND ENTERPRISES, LLC, RAB LAND HOUSING, LLC, RAB LAND INVESTMENTS, LLC, RAB LAND PROPERTIES, LLC, RAB LAND RENTALS, LLC, and RAB LAND, LLC,[1] and alleges as follows:

**GENERAL ALLEGATIONS**

---

[1] Defendants KRESS BUILDING, INC., RAB LAND & DEVELOPMENT, INC., RAB LAND CONDOMINIUMS, LLC, RAB LAND ENTERPRISES, LLC, RAB LAND HOUSING, LLC, RAB LAND INVESTMENTS, LLC, RAB LAND PROPERTIES, LLC, RAB LAND RENTALS, LLC, and RAB LAND, LLC will be referred to herein, collectively, at "the Corporate Defendants."

1. This is an action for monetary damages, attorneys' fees, and costs.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). This court has supplemental jurisdiction over plaintiff's related claims arising under state laws pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

4. Defendant Samuel Ramzi Boutros ("Boutros") is an individual residing in Pinellas County, Florida.

   a. Defendant Boutros is a covered employer as defined by the FLSA, the Florida Minimum Wage Act ("FMWA"), the Florida Whistleblower Act ("FWA"), the Florida Civil Rights Act ("FCRA"), and Title VII of the Civil Rights Act of 1964 ("Title VII").

   b. Defendant Boutros employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   c. Defendant Boutros had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

   d. Defendant Boutros controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

5. Defendant KRESS BUILDING, INC. is a Florida corporation with its principal place of business at 475 Central Avenue, M8, St. Petersburg, Pinellas County, FL 33701.

   a. Defendant KRESS BUILDING, INC. is a covered employer as defined by the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   b. Defendant KRESS BUILDING, INC. employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   c. Defendant KRESS BUILDING, INC. had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

   d. Defendant KRESS BUILDING, INC. controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

6. Defendant RAB LAND & DEVELOPMENT, INC. is a Florida corporation with its principal place of business at 475 Central Avenue, M8, St. Petersburg, Pinellas County, FL 33701.

   a. Defendant RAB LAND & DEVELOPMENT, INC. is a covered employer as defined by the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   b. Defendant RAB LAND & DEVELOPMENT, INC. employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

      c.    Defendant RAB LAND & DEVELOPMENT, INC. had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

      d.    Defendant RAB LAND & DEVELOPMENT, INC. controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

7.    Defendant RAB LAND CONDOMINIUMS, LLC is a Florida limited liability company with its principal place of business at 475 Central Avenue, M8, St. Petersburg, Pinellas County, FL 33701.

      a.    Defendant RAB LAND CONDOMINIUMS, LLC is a covered employer as defined by the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

      b.    Defendant RAB LAND CONDOMINIUMS, LLC employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

      c.    Defendant RAB LAND CONDOMINIUMS, LLC had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

      d.    Defendant RAB LAND CONDOMINIUMS, LLC controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

8. Defendant RAB LAND ENTERPRISES, LLC is a Florida limited liability company with its principal place of business at 475 Central Avenue, M8, St. Petersburg, Pinellas County, FL 33701.

   a. Defendant RAB LAND ENTERPRISES, LLC is a covered employer as defined by the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   b. Defendant RAB LAND ENTERPRISES, LLC employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   c. Defendant RAB LAND ENTERPRISES, LLC had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

   d. Defendant RAB LAND ENTERPRISES, LLC controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

9. Defendant RAB LAND HOUSING, LLC, is a Florida limited liability company with its principal place of business at 475 Central Avenue, M8, St. Petersburg, Pinellas County, FL 33701.

   a. Defendant RAB LAND HOUSING, LLC is a covered employer as defined by the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   b. Defendant RAB LAND HOUSING, LLC employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

    c. Defendant RAB LAND HOUSING, LLC had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

    d. Defendant RAB LAND HOUSING, LLC controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

10. Defendant RAB LAND INVESTMENTS, LLC, is a Florida limited liability company with its principal place of business at 475 Central Avenue, M8, St. Petersburg, Pinellas County, FL 33701.

    a. Defendant RAB LAND INVESTMENTS, LLC is a covered employer as defined by the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

    b. Defendant RAB LAND INVESTMENTS, LLC employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

    c. Defendant RAB LAND INVESTMENTS, LLC had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

    d. Defendant RAB LAND INVESTMENTS, LLC controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

11. Defendant RAB LAND PROPERTIES, LLC is a Florida limited liability company with its principal place of business at 475 Central Avenue, M8, St. Petersburg, Pinellas County, FL 33701.

   a. Defendant RAB LAND PROPERTIES, LLC is a covered employer as defined by the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   b. Defendant RAB LAND PROPERTIES, LLC employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   c. Defendant RAB LAND PROPERTIES, LLC had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

   d. Defendant RAB LAND PROPERTIES, LLC controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

12. Defendant RAB LAND RENTALS, LLC is a Florida limited liability company with its principal place of business at 475 Central Avenue, M8, St. Petersburg, Pinellas County, FL 33701.

   a. Defendant RAB LAND RENTALS, LLC is a covered employer as defined by the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

   b. Defendant RAB LAND RENTALS, LLC employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

    c.   Defendant RAB LAND RENTALS, LLC had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

    d.   Defendant RAB LAND RENTALS, LLC controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

13.    Defendant RAB LAND, LLC is a Florida limited liability company with its principal place of business at 475 Central Avenue, M8, St. Petersburg, Pinellas County, FL 33701.

    a.   Defendant RAB LAND, LLC is a covered employer as defined by the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

    b.   Defendant RAB LAND, LLC employed Plaintiff within the meaning of the FLSA, the FMWA, the FCRA, the FWA, and Title VII.

    c.   Defendant RAB LAND, LLC had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

    d.   Defendant RAB LAND, LLC controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

14.    Defendant Boutros is a principal and an agent of all of the Corporate Defendants.

15.    The Corporate Defendants' operations are so intertwined in that they act as a single entity and joint employer.

16. Plaintiff CONNY TEJADA ("Ms. Tejada") is an individual who resides in Pinellas County, Florida.

17. From June 1, 2019 through February 1, 2020, Ms. Tejada resided in a rental property belonging to the Defendants, located at 511 4th Avenue S., Apt 3, St. Petersburg Florida 33701.

18. Throughout the course of Plaintiff's tenancy in Defendant's rental property, Defendant required Plaintiff to make rent payments payable to RAB Land, LLC.

19. Toward the end of the Plaintiff's tenancy, she encountered financial difficulties that affected her ability to pay rent to the Defendants for January and February of 2020.

20. Despite Plaintiff's attempts to pay her rental obligations, even after voluntarily vacating the premises, Boutros threatened, harassed, and coerced Ms. Tejada into providing nude photographs, working for his business for free, removing her clothing while working, and providing sexual favors.

21. Boutros used Plaintiff's expressed fear of legal action as a threat to extort and achieve his sexual goals.

22. The Plaintiff had a reasonable expectation, and the Defendants had a duty to deal with Plaintiff in good faith without threat, intimidation or extortion, and without sexual harassment regarding the unpaid balance of Plaintiff's rent.

23. Defendants breached that duty by threatening Plaintiff with legal action, continuing to demand "pay for play," and commenting on Plaintiff's anatomy.

24. Defendants were placed in a position of trust as both landlord and employer, and abused that trust by engaging in an ongoing course of conduct in which Boutros threatened, coerced, intimidated, sexually harassed, and extorted the Plaintiff.

25. Throughout January and February of 2020, Plaintiff maintained communication with Defendant via cell phone text messages, with the expressed desire of paying her financial obligations to the Defendant.

26. On Tuesday, March 3, 2020, Boutros proposed that Plaintiff come to work for his companies, i.e. the Corporate Defendants, to pay off her debt.

27. Plaintiff requested eighteen dollars per hour; however, Boutros offered twenty-five dollars an hour if the Plaintiff would work naked. At the time, Plaintiff thought Boutros was joking.

28. However, when Plaintiff arrived at Defendants on March 4, 2020 office to begin work Boutros was indeed naked.

29. Boutros stated he and his family recently had become nudists and he would be more comfortable if the Plaintiff was also naked.

30. Boutros immediately requested Plaintiff disrobe.

31. Plaintiff refused but Boutros continued to coerce her with threats of litigation if she did not comply.

32. Eventually, Boutros suggested that Plaintiff "at least take her top off" and she complied.

33. Upon information and belief, video cameras inside the Defendants' office were recording the Plaintiff either partially or fully nude and Boutros maintains those videos.

34. Late in the evening of March 4, 2020 the first day of Plaintiff's employment, Boutros texted Plaintiff asking for nude photographs of Plaintiff. She refused.

35. On March 5, 2020 at 6:00 a.m., Boutros texted Plaintiff again requesting nude photographs and provided a separate cell phone number for her to send them to. Plaintiff did not send the photographs.

36. Three hours later, Boutros again began badgering Plaintiff for nude photographs, despite Plaintiff's repeated refusals and assertions that she wanted to maintain a business relationship.

37. When Plaintiff arrived at the office on Thursday, for her second day of work, Boutros asked the Plaintiff for oral sex in extremely graphic terms and expressed that her breasts "are amazing." Plaintiff refused his advances.

38. On Friday March 6, 2020, Boutros began texting the Plaintiff at 12:30 a.m., in horrifically graphic terms stating how aroused he had become by Plaintiff's breasts and how he pictured her providing him with oral sex.

39. After Plaintiff refused Boutros' request for oral sex on Thursday and again in texts on Friday, Boutros asked Plaintiff to decide how she wished "to proceed" because he would need to file against her in court.

40. When Plaintiff questioned Boutros' threat to go to court, Boutros assured Plaintiff he was still "willing to work" with her, but it was up to her how to proceed.

41. Boutros continued pressuring the Plaintiff for oral sex and minimizing the impact to Plaintiff for providing this service to the Defendant.

42. Boutros promised to have Plaintiff back to work on Monday, if she provided him with oral sex that day.

43. Plaintiff did not return to Defendants' office because she was afraid for her physical safety.

44. Plaintiff was never paid for any of the hours she worked for Defendants.

45. All of the work that Plaintiff performed was assigned by Defendant and/or Defendants were aware of all of the work that Plaintiff has performed.

46. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay Plaintiff the minimum wage for all hours worked; and

   b. Willfully failing to record all of the time that Plaintiff worked for the benefit of Defendants.

47. Defendants are aware or should have been aware that federal and state law required them to pay Plaintiff the minimum wage for all hours worked.

48. Defendant is liable under the FLSA and the Florida Minimum Wage Act for, *inter alia*, failing to properly compensate Plaintiff.

## COUNT ONE
### Fair Labor Standards Act – Unpaid Minimum Wages

49. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50. Defendants failed to pay Plaintiff the minimum wages to which she is entitled under the FLSA.

51. Defendants have engaged in a policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

52. At all times relevant, Plaintiff was engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

53. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

54. At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

55. Defendants were required to pay Plaintiff the applicable minimum wage for all work performed.

56. Defendants did not pay Plaintiff at all for the work she performed.

57. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

58. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

## COUNT TWO
**Florida Minimum Wage Act – Unpaid Minimum Wages**

59. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

60. Defendants failed to pay Plaintiff the minimum wages to which she is entitled under the Florida Minimum Wage Act.

61. At all times relevant, Plaintiff was an employee within the meaning of the Florida Minimum Wage Act.

62. At all times relevant, Defendants have been employers within the meaning of the Florida Minimum Wage Act.

63. Defendants were required to pay Plaintiff the applicable minimum wage for all work performed.

64. As a result of Defendants' violations of the Florida Minimum Wage Act, Plaintiff has suffered damages in amounts to be determined at trial, and is entitled to recovery of such amounts, prejudgment interest, attorneys' fees, and costs.

## COUNT THREE
**Florida Whistleblower Act – Illegal Solicitation**

65. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

66. Defendants employed Plaintiff within the meaning of the Florida Whistleblower Act.

67. Plaintiff objected to and refused to participate in the illegal activity of exchanging sexual acts for money, which violates Chapter 76 of the Florida Statutes.

68. Plaintiff was fired in retaliation for this objection and refusal, in violation of the Florida Whistleblower Act.

69. Accordingly, Defendants have violated the Florida Whistleblower Act.

70. Plaintiff has suffered damages, including lost wages and emotional distress, as a result of Defendants' violations of the Florida Whistleblower Act.

71. Plaintiff is entitled to compensatory damages, attorneys' fees, and costs as a result of Defendants violations of the Florida Whistleblower Act.

## COUNT FOUR
### Florida Whistleblower Act – Title VII of the Civil Rights Act of 1964

72. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

73. Defendants employed Plaintiff within the meaning of the Florida Whistleblower Act.

74. Defendants, in violation of Title VII, engaged in sexual discrimination against Plaintiff and created a hostile work environment based on sexual harassment.

75. Plaintiff objected to and refused to participate in Defendants' violations of Title VII.

76. Plaintiff was fired in retaliation for this objection and refusal, in violation of the Florida Whistleblower Act.

77. Accordingly, Defendants have violated the Florida Whistleblower Act.

78. Plaintiff has suffered damages, including lost wages and emotional distress, as a result of Defendants' violations of the Florida Whistleblower Act.

79. Plaintiff is entitled to compensatory damages, attorneys' fees, and costs as a result of Defendants violations of the Florida Whistleblower Act.

## COUNT FIVE
### Florida Whistleblower Act – Florida Civil Rights Act

80. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

81. Defendants employed Plaintiff within the meaning of the Florida Whistleblower Act.

82. Defendants, in violation of the FCRA, engaged in sexual discrimination against Plaintiff and created a hostile work environment based on sexual harassment.

83. Plaintiff objected to and refused to participate in these violations of the FCRA.

84. Plaintiff was fired in retaliation for this objection and refusal, in violation of the Florida Whistleblower Act.

85. Accordingly, Defendants have violated the Florida Whistleblower Act.

86. Plaintiff has suffered damages, including lost wages and emotional distress, as a result of Defendants' violations of the Florida Whistleblower Act.

87. Plaintiff is entitled to compensatory damages, attorneys' fees, and costs as a result of Defendants violations of the Florida Whistleblower Act.

## COUNT SIX
### Assault

88. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

89. Boutros assaulted Plaintiff by threatening to inflict injury, specifically sexual battery.

90. At all times relevant hereto, Boutros was someone who was capable of fulfilling the threat.

91. As a direct and proximate result of the aforementioned intentional acts of Boutros, Plaintiff suffered emotional trauma, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money into the future, and monetary loss.  The losses are either permanent or continuing in nature and Plaintiff will suffer the losses into the future.

## COUNT SEVEN
## Wage Theft

92. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein

93. Defendants have failed to pay Plaintiff wages owed to her in violation of Pinellas County Ordinance Sec. 70-306.

94. It is a violation of Pinellas County Ordinance Sec. 70-306 for any employer to fail to pay any portion of wages due to an employee, according to the wage rate applicable to that employee, within a reasonable time from the date on which that employee performed the work for which those wages were compensation, shall be wage theft.

95. Plaintiff performed work for Defendants in March of 2020 for which she has never been paid.

96. Plaintiff has been damaged by Defendants' violation of and is therefore entitled to receive three times the amount of back wages owed.

## COUNT EIGHT
## Breach of Statutory Duty of Good Faith

97. Plaintiff repeats and realleges paragraphs 1 through 47 hereof, as if fully set forth herein.

98. Pursuant to Fla. Stat. section 83.44 a residential landlord has a duty of good faith in its performance or enforcement of any residential rental agreement.

99. Defendants' harassment of Plaintiff and the threats made against her show a breach of the Defendants' duty of good faith in enforcing the rental agreement with Plaintiff.

100. As a direct and proximate result of the aforementioned breaches of duty by Defendants, Plaintiff suffered emotional trauma, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money into the future, and monetary loss. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses into the future.

101. Pursuant to Section 83.48 of the Florida Statutes, Plaintiff is entitled to an award of her reasonable costs and attorneys' fees incurred in bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor for:

(a) Unpaid wages;

(b) Liquidated and/or Punitive Damages;

(c) Compensatory damages;

(d) Pre- and post-judgment interest;

(e) Attorneys' fees and costs of this action;

(f) Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 8th day of May, 2020.

/s/ Jamie M. Marcario
Jamie Moore Marcario
Florida Bar No.: 0089366
Email: jamie@thrivelaw.com
Secondary email:
hope@thrivelaw.com
eservice@thrivelaw.com;
Thrive Law, PA
2260 Fifth Avenue South, Suite 1
St. Petersburg, FL 33712
Ph: (727) 300-1990
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of May, 2020, a copy of the foregoing document was served upon the following via the Florida Courts E-Filing Portal:

**Stephen G. Mortimer, Esquire**
Florida Bar Number:  138606
**RAHDERT & MORTIMER, PLLC**
535 Central Avenue
St. Petersburg, FL 33701
Telephone: (727) 823-4191
Facsimile: (727) 513-5600
Primary:
servicemort@rahdertlaw.com
Secondary:   tpham@rahdertlaw.com
*Co-Counsel for Plaintiff*

Jamie Moore Marcario
Florida Bar No.: 0089366
Email: jamie@thrivelaw.com
Secondary email:
hope@thrivelaw.com
eservice@thrivelaw.com;
Thrive Law, PA
2260 Fifth Avenue South, Suite 1
St. Petersburg, FL 33712
Ph: (727) 300-1990
*Co-Counsel for Plaintiff*