UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CONNY TEJADA,**

**Plaintiff,**

vs.                                                                 Case No.: 8:20-cv-01071

**SAMUEL RAMZI BOUTROS,**
**KRESS BUILDING, INC.,**
**RAB LAND & DEVELOPMENT, INC.,**
**RAB LAND CONDOMINIUMS, LLC,**
**RAB LAND ENTERPRISES, LLC,**
**RAB LAND HOUSING, LLC,**
**RAB LAND INVESTMENTS, LLC,**
**RAB LAND PROPERTIES, LLC,**
**RAB LAND RENTALS, LLC,**
**and RAB LAND, LLC**

**Defendants.**
_____/

### MOTION TO ALLOW FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS SAMUEL RAMZI BOUTROS, KRESS BUILDING, INC., and RAB LAND & DEVELOPMENT, INC., AND INCORPORATED MEMORANDUM OF LAW

Plaintiff moves this Court for leave to serve process on Defendants SAMUEL RAMZI BOUTROS, KRESS BUILDING, INC., and RAB LAND & DEVELOPMENT, INC., by alternative means because Defendants are evading service and says:

**I.     Background**

This action was filed on May 8, 2020, against Defendant SAMUEL RAMZI BOUTROS ("Boutros") and several entities owned by him: KRESS BUILDING, INC., RAB LAND & DEVELOPMENT, INC., RAB LAND CONDOMINIUMS, LLC, RAB LAND ENTERPRISES, LLC, RAB LAND HOUSING, LLC, RAB LAND

INVESTMENTS, LLC, RAB LAND PROPERTIES, LLC, RAB LAND RENTALS, LLC, and RAB LAND, LLC (collectively "the Corporate Defendants"). Summonses were issued to all Defendants on May 11, 2020. All of the Corporate Defendants list the same Registered Agent: SAMUEL RAMZI BOUTROS, 475 Central Avenue, M8, ST. PETERSBURG, FL 33701. *See* Composite Exhibit A attached hereto.

Plaintiff has attempted to serve Defendants multiple times, as demonstrated by the sworn statements of process servers filed herewith as Composite Exhibit B. However, it appears that Defendants are evading service of process. Defendants have notice of this matter as Attorney David Delrahim of the law firm of Englander Fischer has contacted the undersigned regarding same. However, Mr. Delrahim states that he is only authorized to represent Defendants in "pre-suit negotiations" and cannot accept service of process on their behalf. This is confusing as Mr. Delrahim's first contact with the undersigned about this matter was after suit was already filed. Nonetheless, Mr. Delrahim insists that his representation is limited to "pre-suit" matters.

This Court has allowed service on a party's attorney, without that party's permission, when it has been shown that the defendant is evading plaintiff's good faith attempts at service and defendant has notice of the complaint. *See Lancaster v. Bottle Club, LLC*, No. 8:17-cv-634-T-33JSS, at *6-7 (M.D. Fla. Oct. 31, 2017) (citing *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999); *Chamberlain v. Integraclick, Inc.,* No. 4:10-CV-00477-SPM, 2011 WL 1456878, at *4 (N.D. Fla. Apr. 15, 2011)).

**II.     Service on the individual defendant, Boutros.**

Defendant Boutros is an individual who resides within a judicial district of the United States, and therefore may be served in the following manner:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). As to the methods under subsection (e)(2), the process server has attempted to serve Plaintiff personally at his office twice, and three times at his residence without success. The process server is unable to leave the summons with another person at Boutros' residence because the building is secure and the process server cannot get to Boutros' specific unit.

As to the methods for service of process on an individual under Florida law are:

> (1)(a)   Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
> (b)   An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer. An employer who fails to comply with this paragraph commits a noncriminal violation, punishable by a fine of up to $1,000.
> (2)(a)   Substituted service on the spouse of the person to be served may be made at any place in a county by an individual authorized under s. 48.021 or s. 48.27 to serve process in that county, if the cause of action is not an adversarial proceeding between the spouse and the person to be served, if the spouse requests such service or the spouse is also a party to the action, and if the spouse and person to be served reside together in the same

> dwelling, regardless of whether such dwelling is located in the county where substituted service is made.
> (b)  Substituted service may be made on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner are made at the place of business.

Fla. Stat. § 48.031.

As noted above, the process server is unable to access Mr. Boutros' residence and therefore cannot leave the summons with another person at that residence. While Florida law requires that "[a] gated residential community, including a condominium association or a cooperative, shall grant unannounced entry into the community, including its common areas and common elements, to a person who is attempting to serve process on a defendant or witness who resides within or is known to be within the community," Fla. Stat. § 48.031(7). there is no person available at the entrance of Mr. Boutros' residence to grant that access and no method for contacting anyone to do that.

The process server has also attempted to serve Mr. Boutros at his place of employment – i.e. the companies he owns – but has been unable to. Mr. Boutros is recently divorced and therefore does not have a spouse and has not been located at his place of business despite multiple attempts. Five attempts at service within three weeks shows a good faith effort on the part of Plaintiff, and given that Boutros is aware of the lawsuit, shows ample evidence that he is evading service. As previously held in this district, "the 'Court will not require a plaintiff to expend limitless resources in order to effect service upon a defendant who has actual notice of suit and who intentionally evades service.'" *Lancaster,* No. 8:17-cv-634-T-33JSS, at *5-6 (quoting *Nappi v. Welcom Products, Inc.,* No. 8:13-cv- 3183-T-33TGW, 2014 WL 1418284, at *2 (M.D. Fla. Apr. 11, 2014)). Thus, Plaintiff seeks relief from additional futile attempts to serve Defendant Boutros personally

and requests that it be allowed to serve him through his counsel, David Delrahim, or by publication or mail.

### III. Service of process on the Corporate Defendants

The Corporate Defendants, which all exist within a judicial district of the United States, may be served, under Rule 4(h)(1):

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

As to Rule 4(h)(1)(B), Plaintiff has made multiple attempts to serve the Corporate Defendants' Registered Agent and Officer, Defendant Boutros, as described above.

As to Rule 4(h)(1)(A), it incorporates Rule 4(e)(1), which states that service of process may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Florida law, service of process may be made on the limited liability companies "after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), service of process may be effected by service upon the Secretary of State as agent of the limited liability company as provided for in s. 48.181." Thus, Plaintiff is serving RAB LAND CONDOMINIUMS, LLC, RAB LAND ENTERPRISES, LLC, RAB LAND HOUSING, LLC, RAB LAND INVESTMENTS, LLC, RAB LAND PROPERTIES, LLC, RAB LAND RENTALS, LLC, and RAB LAND, LLC in that manner.

However, there is no such provision for service of corporations under Florida law. Thus, service on KRESS BUILDING, INC., and RAB LAND & DEVELOPMENT, INC. must be made as follows:

(a)   On the president or vice president, or other head of the corporation;

    (b)   In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

    (c)   In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

    (d)   In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

    . . .

    (3)(a)   As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

    (b)   If the address for the registered agent, officer, director, or principal place of business is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the corporation may be made by serving the registered agent, officer, or director in accordance with s. 48.031.

Fla. Stat. § 48.081.

As discussed above and shown by the sworn statements of the process server attached hereto as Exhibit B, Plaintiff has made multiple attempts to serve the Registered Agent and only listed Officer of KRESS BUILDING, INC., and RAB LAND & DEVELOPMENT, INC. – Defendant Boutros. Thus, for the reasons discussed above, Plaintiff seeks relief from additional futile attempts to serve Defendant Boutros personally

and requests that it be allowed to serve him through counsel, David Delrahim, or by publication or mail.

**WHEREFORE**, Plaintiff Conny Tejada respectfully requests that the Court enter an Order granting her leave to serve process on Defendants SAMUEL RAMZI BOUTROS, KRESS BUILDING, INC., and RAB LAND & DEVELOPMENT, INC., by alternative means, such as through counsel, David Delrahim, or by publication or mail, because Defendants are evading service.

Dated: June 3, 2020

Respectfully Submitted,

/s/ Jamie M. Marcario
Jamie Moore Marcario
Florida Bar No.: 0089366
Email: jamie@thrivelaw.com
Secondary email:
hope@thrivelaw.com
ThriveofCounsel@thrivelaw.com
eservice@thrivelaw.com
Thrive Law, PA
2260 Fifth Avenue South, Suite 1
St. Petersburg, FL 33712
Ph: (727) 300-1990

Stephen G. Mortimer, Esq.
Florida Bar No. 138606
Rahdert & Mortimer PLLC
535 Central Ave Ste 211
Saint Petersburg, FL 33701-3703
smortimer@rahdertlaw.com
tpham@rahdertlaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on the 3rd day of June, 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of the electronic filing to all counsel of record. I further certify that I have provided the foregoing document and notice of electronic filing by U.S. Mail to the following non-CM/ECF participant: Samuel Ramzi Boutros, 750 4th Avenue South, Unit 706, St. Petersburg, FL, 33701 and Registered Agent for the Corporate Defendants: SAMUEL RAMZI BOUTROS, 475 Central Avenue, M8, ST. PETERSBURG, FL 33701.

/s/ Jamie Moore Marcario
Florida Bar No.: 0089366
Email: jamie@thrivelaw.com
Secondary email:
hope@thrivelaw.com
thriveofcounsel@thrivelaw.com
eservice@thrivelaw.com;
Thrive Law, PA
2260 Fifth Avenue South, Suite 1
St. Petersburg, FL 33712
Ph: (727) 300-1990
*Co-Counsel for Plaintiff*

Stephen G. Mortimer, Esq.
Florida Bar No. 138606
Rahdert & Mortimer PLLC
535 Central Ave Ste 211
Saint Petersburg, FL 33701-3703
smortimer@rahdertlaw.com
tpham@rahdertlaw.com
*Attorneys for Plaintiff*