UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNY TEJADA,

Plaintiff,

vs.  Case No.: 8:20-cv-01071

SAMUEL RAMZI BOUTROS,
KRESS BUILDING, INC.,
RAB LAND & DEVELOPMENT, INC.,
RAB LAND CONDOMINIUMS, LLC,
RAB LAND ENTERPRISES, LLC,
RAB LAND HOUSING, LLC,
RAB LAND INVESTMENTS, LLC,
RAB LAND PROPERTIES, LLC, RAB LAND RENTALS, LLC,
and RAB LAND, LLC,

Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS COUNTS I-VII OF PLAINTIFF'S
AMENDED COMPLAINT OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**

Defendants, SAMUEL RAMZI BOUTROS (*"Boutros"*) and KRESS BUILDING, INC. (*"Kress"*), RAB LAND & DEVELOPMENT, INC. (*"RL Development"*), RAB LAND CONDOMINIUMS, LLC (*"RL Condominiums"*), RAB LAND ENTERPRISES, LLC (*"RL Enterprises"*), RAB LAND HOUSING, LLC (*"RL Housing"*), RAB LAND INVESTMENTS, LLC (*"RL Investments"*), RAB LAND PROPERTIES, LLC (*"RL Properties"*), RAB LAND RENTALS, LLC (*"RL Rentals"*), and RAB LAND, LLC (*"RL"*) (collectively *"Entities"*), pursuant to Fed. R. Civ. P. Rule 12(b)6 and 12(e), hereby move to dismiss all counts of Plaintiff's Amended Complaint or, in the alternative, move for a more definite statement, and in support thereof state as follows:

*Introduction*

The Amended Complaint (***"Complaint"***) (Doc. 11) is a shotgun pleading that fails to state a claim against Boutros and the Entities and should be dismissed. Plaintiff failed to clearly plead each claim directed against Boutros and the Entities, ***individually,*** as required to notify each Defendant of its individual alleged wrongdoings. Instead, the Complaint leaves Boutros and the Entities to guess what acts they are alleged to have committed that support each respective cause of action. Furthermore, as alleged, Counts I-VII fail to state a cause of action and are subject to dismissal. Consequently, the Complaint should be dismissed in its entirety.

*Factual Allegations of Complaint[1]*

According to the Complaint, Plaintiff resided in a rental property owned or operated by "the Defendants" and paid rent to Defendant, RL. *(Am. Compl.,* ¶¶ 17, 18). After Plaintiff was unable to pay RL rent in January and February of 2020, she voluntarily vacated the rental property and expressed her desire to pay "Defendant" the unpaid rent. *Id*. at ¶¶ 19, 20, 26. In response, Boutros proposed that Plaintiff work "for his business for free" to satisfy the unpaid debt. *Id*. at ¶ 20. After Plaintiff proposed an $18 hourly wage, Boutros offered to increase the hourly wage to $25 if Plaintiff worked in the nude and explained that he and his family were nudists. *Id*. at ¶¶ 28, 30.

The next day, Plaintiff arrived to perform work to satisfy her unpaid rental obligation and did so topless. *Id*. at ¶¶ 29, 33. Later that evening and the next morning, Boutros and Plaintiff exchanged text messages wherein Boutros requested a nude photograph from Plaintiff. *Id*. at ¶¶ 36, 37. Plaintiff returned for a second day of work but after Boutros sent her a text message requesting oral sex, Plaintiff "did not return to Defendants' office because she was emotionally

---

[1] The factual allegations of the Complaint are assumed to be true for motion to dismiss purposes only and Boutros and the Entities reserve the right to contest any and all factual allegations.

distraught and feared for her physical safety." *Id*. at ¶ 38, 40, 44. According to the Complaint, "Boutros threatened, harassed, and coerced [Plaintiff] into providing nude photographs, working for his business for free, removing her clothing while working, and providing sexual favors." *Id*. at ¶ 20. The Complaint asserts Counts I (Fair Labor Standards Act -Unpaid Minimum Wages), II (Florida Minimum Wage Act-Unpaid Minimum Wages), III (Florida Whistleblower Act–Illegal Solicitation), V (Wage Theft), and VI (Breach of Statutory Duty of Good Faith) against Boutros and the Entities and Counts IV (Assault) and VII (Intentional Infliction of Emotional Distress) against Boutros individually. In support of Plaintiff's claims against the Entities, the Complaint alleges that Boutros is the principal and agent of the Entities and that the Entities, "are so intertwined in that they act as a single entity and joint employer." (Am. Compl., ¶¶ 14, 15).

*Memorandum of Law*

### I. The Complaint Is a Shotgun Pleading and Requires a More Definite Statement.

A complaint that asserts multiple claims against multiple defendants without separating those claims into separate counts is a type of shotgun pleading. *Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (*11th Cir. 2015*); see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). In this case, Counts I, II, III, V, and VI of the Complaint are alleged against Boutros and the Entities collectively; however, the allegations lack details about each Defendant's role in those purported wrongful acts. Rather than allege facts clearly setting forth purported acts committed by individual Defendants in this case, the Complaint is made up of vague and conclusory allegations. For example, in support of Count I, Plaintiff alleges that,

> 53. Defendant Boutros and the Corporate Defendants have engaged in a policy, pattern, and practice of violating the FLSA, **as detailed in this Complaint**.

> 60. Defendant Boutros' and the Corporate Defendants' unlawful conduct, **as described in this Complaint**, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint

>were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff. (emphasis supplied).

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading when the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. In this case, it is unclear which causes of action stem from each individual Defendant's purported acts and what remedies are sought against them. Accordingly, Plaintiff should be ordered to amend her Complaint to provide a more definite statement.

## II. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.

Rule 12(b)(6) authorizes a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Accordingly, to sufficiently plead a claim, a plaintiff must allege sufficient facts that plausibly establish each element of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Further, the Eleventh Circuit has held: "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

When ruling on a motion to dismiss, the ruling court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Bright v. Thomas*, No. 17-12369, 2018 U.S. App. LEXIS 29542, at *9 (11th Cir. Oct. 19, 2018) (quoting same). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 682 (citing *Twombly*, 550 U.S. at 555). In other words, a plaintiff must go beyond the "conclusory" allegations and must offer "some further factual enhancement" in order to "enter the realm of plausible liability." *Twombly*, 550 U.S. at 557 n.5. The "[f]actual allegations must be enough to raise a right to relief above the

4

speculative level, [and the complaint] . . . must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (emphasis added) (internal quotations omitted).

    **A.**    ***Count I: Fair Labor Standards Act—Alleged Unpaid Minimum Wages***

Plaintiff's FLSA claim should be dismissed for failure to state a claim against Boutros and the Entities because it is based on conclusory allegations that are too vague to defend against, and the claim fails to allege ultimate facts sufficient to sustain an FLSA claim. *Clime v. Sunwest Peo, CNA Claimplus, Inc.*, 253 Fed. Appx. 805, 806 (11th Cir. 2007) (holding that the trial court did not err by dismissing complaint for failure to state a claim where plaintiff made at most conclusory and vague allegations). As discussed above, in Count I, Plaintiff merely regurgitates conclusory, threadbare allegations that Boutros and the Entities violated the FLSA. Plaintiff vaguely references "a policy, pattern, and practice" of "unlawful conduct" that is supposedly "detailed in this Complaint," but Plaintiff provides no specific facts to support her FLSA Claim. Plaintiff fails to meet the pleading requirements of *Iqbal* and *Twombly* and, therefore, her FLSA claim must be dismissed with prejudice.

    **B.**    ***Count II: Florida Minimum Wage Act—Alleged Unpaid Minimum Wages***

        i.    <u>Plaintiff's FMWA Claim Should Be Dismissed Because She Failed to Comply with the FMWA's Pre-Suit Notice Requirement.</u>

The FMWA is a statutory provision created to implement Article X, § 24 of the Florida Constitution, which established a minimum wage for the state. *Hayes v. Coco Dulce, Inc.*, No. 19-80368-Civ-Middlebrooks/Bran, 2019 U.S. Dist. LEXIS 223359, at *8-9 (S.D. Fla. Aug. 8, 2019). All lawsuits brought under the FMWA must comply with the statute's pre-suit notice requirement. *Nichols v. Lab. Corp. of Am.*, No. 2:13-cv-848-FtM-38CM, 2014 U.S. Dist. LEXIS 26780, at *8-9 (M.D. Fla. Mar. 1, 2014). A person wishing to bring an FMWA claim must provide pre-suit

written notice to his/her employer stating his/her intent to bring such an action. *Estevez v. Fla. Panthers Hockey Club, Ltd.*, No. 16-63007-CIV-COHN/SELTZER, 2017 U.S. Dist. LEXIS 31347, at *6-8 (S.D. Fla. Mar. 3, 2017). "The notice must identify [1] the minimum wage to which the person aggrieved claims entitlement, [2] the actual or estimated work dates and hours for which payment is sought, and [3] the total amount of alleged unpaid wages through the date of the notice." *Nichols*, 2014 U.S. Dist. LEXIS 26780, at *8 (quoting Fla. Stat. § 448.110(6)(a)). The FMWA then provides the employer with 15 days after receipt of the notice to pay the total amount of unpaid wages or otherwise settle the dispute, and if the employer fails to do so, the aggrieved person may <u>then</u> bring suit (known as the cure provision).[2] *Id.* A plaintiff may only bring suit after this pre-suit notification period has elapsed without satisfactory resolution of his or her claim. *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 U.S. Dist. LEXIS 125770, at *11-15 (M.D. Fla. May 19, 2009).

"Failure to comply with the FMWA's pre-suit notice requirement **will** result in dismissal of the claim." *Nichols*, 2014 U.S. Dist. LEXIS 26780, at *8 (emphasis added). Courts throughout the Circuit have dismissed FMWA claims when the plaintiff failed to comply with the pre-suit notice requirement. *See, e.g., Santiago v. ACA Camp Geneva, Inc.*, No. 5:17-cv-124-Oc-30PRL, 2017 U.S. Dist. LEXIS 91087, at *5-6 (M.D. Fla. June 14, 2017) (dismissing FMWA claim "for failure to allege compliance with the notice requirement"); *Resnick v. Oppenheimer & Co.*, No. 07-80609-CIV, 2008 U.S. Dist. LEXIS 1163, at *9 (S.D. Fla. Jan. 8, 2008) (dismissing FMWA claim because plaintiff failed to comply with pre-suit requirements); *Garcia-Celestino v. Ruiz Harvesting, Inc.*, No. 2:10-cv-542-FtM-38DNF, 2013 U.S. Dist. LEXIS 102371, at *50-53 (M.D.

---

[2] The purpose of this measure is to afford employers an opportunity to satisfy the minimum wage claim before it reaches court. *Oster v. Lucky Rest. Mgmt. LLC*, No. 8:16-cv-2352-T-33MAP, 2016 U.S. Dist. LEXIS 162471, at *5 (M.D. Fla. Nov. 23, 2016).

6

Fla. July 22, 2013) (same); *Goetz v. Louie's Backyard, Inc.*, No. 14-10074-CIV-KING, 2015 U.S. Dist. LEXIS 188115, at *3-4 (S.D. Fla. May 18, 2015) (same).

Here, Plaintiff has utterly failed to comply with the strict pre-suit notice requirement of the FMWA. This is evident because Plaintiff did not even attempt to allege she complied with the pre-suit notice requirement in the Complaint. The notice requirement was established for cases like this with nominal amounts of wages at issue to provide the employer with an opportunity to rectify the situation and avoid needless litigation, but Plaintiff bypassed the pre-suit notice requirement altogether. Accordingly, Plaintiff's FMWA claim must be dismissed with prejudice for failure to comply with the FMWA's mandatory pre-suit notice requirement. *See Hayes*, 2019 U.S. Dist. LEXIS 223359, at *9 (dismissing FMWA claim **with prejudice** because Plaintiff failed to satisfy FMWA's pre-suit notice requirement).

    ii. Plaintiff's FMWA Claim Should Be Dismissed Because It Fails to Allege Sufficient Facts to Support the Claim.

Even if Plaintiff did comply with the pre-suit notice requirement, which is not the case, Count II must still be dismissed because it fails to allege ultimate facts supporting a claim for unpaid wages under the FMWA. Like Plaintiff's FLSA claim, Plaintiff fails to provide sufficient detail in the allegations supporting her FMWA claim. Plaintiff merely states that Boutros and the Entities "failed to pay Plaintiff the minimum wages she is entitled under the [FMWA]" without any additional detail. Plaintiff's conclusory allegations do not satisfy the *Iqbal/Twombly* pleading standards under Rule 12(b)(6) and must be dismissed with prejudice.

  C. ***Count III: Florida Whistleblower Act—Alleged Illegal Solicitation***

    i. Plaintiff's Whistleblower Claim Must Be Dismissed Because Plaintiff Failed to Allege Sufficient Facts to Support a Whistleblower Claim.

To state a claim under the FWA, the claimant must allege that the employer (as that term is defined in the FWA) took retaliatory action against an employee because the employee disclosed

7

or threatened to disclose an activity or policy of the employer that is in violation of a law, rule or regulation to a governmental agency or, if the employee objected to or refused to participate in an activity, policy or practice of the employer which is in violation of a law, rule or regulation. *Fla. Stat.* § 448.102. Importantly, the FWA only prohibits retaliatory action taken by an "employer," which is defined by the statute as "any private individual, firm, partnership, institution, corporation, or association that **employs ten or more persons**." (Emphasis supplied). *Fla. Stat.* § 448.101(3).

Here, Plaintiff failed to allege that Boutros and the Entities each employ ten or more persons and meet the statutory definition of "employer," which is an essential requirement for pleading a claim for relief under the FWA. *See Diaz v. Impex of Doral, Inc.*, 7 So. 3d 591, 593 (Fla. 3d DCA 2009) ("[T]he Whistle Blower Act [] requires that an employer employ ten or more persons."). Plaintiff's failure to plead this required element is fatal to her whistleblower claim, and the claim must therefore be dismissed with prejudice.

      ii.    <u>Plaintiff's Whistleblower Claim Must Be Dismissed Because Its Allegations Are Repugnant to Other Allegations within the Complaint.</u>

"Repugnancy occurs when allegations within a single cause of action or defense are inconsistent and thus neutralize each other" making the "resulting pleading a nullity." *See* Trawick's, Florida Practice and Procedure, § 6:7(2008-2009 edition) (citing *Hoopes v. Crane*, 47 So. 992 (Fla. 1908); *Shelton v. Eisemann*, 79 So. 75 (Fla. 1918); *Peacock v. General Motors Acceptance Corp.*, 432 So. 2d 142 (Fla. 1st DCA 1983)). The general premise of the doctrine of repugnancy is that contradictory allegations in a complaint neutralize each other and render the count insufficient on its face. *See Peacock*, 432 So. 2d at 146. Federal courts in this Circuit have applied the doctrine of repugnancy and held that allegations which contradict other allegations in the complaint may cause the complaint to be dismissed as frivolous because the allegations are

baseless. *See Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990). Courts are not required to ignore specific factual details of a pleading in favor of general conclusory allegations elsewhere in the pleading. *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 406 F. Supp. 3d 1258, 1272 (M.D. Ala. 2019). Rather, Courts may dismiss claims when the allegations within them directly contradict each other. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06, 1210 (11th Cir. 2007) (reversing denial of motions to dismiss where "the facts in [plaintiff's] own complaint plainly contradict the conclusory allegation" in the complaint).

Turning to the facts of this case, Plaintiff's whistleblower claim is directly contrary to other factual allegations in the Complaint. Specifically, in paragraph 44 of the Complaint, Plaintiff alleges that, "Plaintiff did not return to Defendants' office because she was emotionally distraught and feared for her physical safety." (Am. Compl., ¶ 44.) In paragraph 70 of the Complaint, however, Plaintiff alleges in conclusory fashion that she was fired in retaliation in violation of the FWA. (Am. Compl., ¶ 70.) Obviously, if Plaintiff "did not return" to work because she was allegedly in fear for her physical safety, she cannot claim her employment was terminated for blowing the whistle on alleged illegal conduct. Nowhere else in the Complaint does Plaintiff allege that her employment was terminated except for her conclusory allegation in Count III. Thus, Plaintiff's allegations in Count III <u>directly contradict</u> her allegations in paragraph 44 of the Complaint — creating a legal nullity — and must be dismissed with prejudice.

### D.     Count IV:  Assault

The Complaint fails to adequately plead a claim for assault; therefore, Count IV must be dismissed. *Fla. Stat.* § 784.011 provides that an assault is an intentional, unlawful threat by word or act to do violence to another person, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in the other person that such violence is imminent. Although

the allegations in Count IV assert that Boutros verbally threatened Plaintiff with sexual battery, there is no allegation that Boutros took some action in furtherance of the alleged threat that created a well-founded fear in Plaintiff that violence was imminent—a vital element of assault. (Doc. 11, Count IV).  Significantly, the alleged threat in this case is based on Boutros's text messages alone, not a face-to-face conversation.  Thus, even if Plaintiff had pleaded the necessary elements of an assault claim, Count IV would still be subject to dismissal because Boutros did not take any action in furtherance of his alleged text message and Plaintiff was not in well-founded fear of an imminent violent attack.  *See Paris Destinee Cannon v. Thomas*, 133 So.3d 634 (Fla. 1st DCA 2014) (threat made by assailant in social media message the night before battery did not constitute assault under Florida law).  Therefore, Count IV should be dismissed.

   **E.**  **Count V:  Alleged Wage Theft**

  Plaintiff's wage theft claim must also be dismissed because the Court does not have subject matter jurisdiction over the claim and, even if it did, Plaintiff has failed to state a claim for relief. Count V is brought under Pinellas County's Wage Theft Ordinance, Pinellas County Ordinance Sec. 70-301, et seq. (***"Wage Theft Ordinance"***). Before filing a claim under the Wage Theft Ordinance, an employee must follow the procedure set forth in the ordinance. PCO Sec. 70-307. The employee is first **required** to submit a wage theft complaint to the Pinellas County Office of Human Rights ("PCOHR"). PCO Sec. 70-307(a). The employer will then have an opportunity to respond to the Complaint. PCO Sec. 70-307(b). The parties are next required to undergo conciliation or mediation, and if unsuccessful, there will be a final trial on the merits before a special magistrate judge. PCO Sec. 70-307(c)-(d). An adverse decision may be appealed to a court of competent jurisdiction. PCO Sec. 70-309. Thus, an employee must first exhaust his or her administrative remedies before bringing a wage theft claim to state or federal court on appeal.

In this case, Plaintiff failed to exhaust her administrative remedies by failing to file a complaint with the PCOHR. Indeed, the Complaint is devoid of any allegations that Plaintiff followed the mandatory procedural requirements set forth by the Wage Theft Ordinance. Here, again, Plaintiff skipped ahead and filed this claim directly with this Court along with unpaid wages claims under the FLSA and FMWA. The Wage Theft Ordinance is an alternative to seeking redress under the FLSA or FMWA. This is because the FLSA and FMWA preempt all wage theft claims for unpaid wages under the Wage Theft Ordinance. *See* PCO Sec. 70-308. The Wage Ordinance states:

> Enforcement by the State of Florida. If at any time during the pendency of a complaint of wage theft, the county becomes aware of an enforcement action by the Florida Attorney General or other body of the State of Florida based on wage violations involving the same facts as the employee's complaint to the county, the **complaint will be dismissed, with prejudice, with respect to the employer or employers named in such state enforcement action**. The county shall advise the employee and any employer of such dismissal.

PCO Sec. 70-309(f)(2).

Plaintiff cannot have her cake and eat it too. Other district courts have dismissed similar city ordinance claims made in similar situations. *See, e.g., Green v. Stericycle, Inc.*, No. 16-24206-CIV, 2017 U.S. Dist. LEXIS 216842, at *2 n.1 (S.D. Fla. Aug. 28, 2017) (dismissing wage theft violation of Miami-Dade County Ordinance Chapter 22). This Court does not have jurisdiction over Plaintiff's claim under the Wage Theft Ordinance because she failed to exhaust the required administrative remedies and has pending FLSA and FMWA claims based on the same facts. Accordingly, Plaintiff's wage theft claim must be dismissed.

### F. Count VI: Alleged Breach of Statutory Duty of Good Faith

Count VI alleges a purported breach of a statutory duty of good faith that governs rental agreements between residential landlords and their tenants. § 83.44, *Fla. Stat.* However, the

Complaint fails to identify the parties to the purported rental agreement or attached the rental agreement that is the subject of Count VI. Instead, the Complaint vaguely alleges that Plaintiff was required to pay rent to Defendant, RL. (Doc. 11, ¶ 18). Because Count VI failed to identify parties to a rental agreement that are subject to § 83.44, Count VI fails to state a claim for relief and must be dismissed.

### G. Count VII: Alleged Intentional Infliction of Emotional Distress ("IIED")

Count VII is based on allegations that Defendant Boutros "engaged in the outrageous conduct of telling Plaintiff, Conny Tejada to work in the nude in an office building," and "attempting to coerce Plaintiff, Conny Tejada into putting Defendant Boutros' penis in her mouth." (Doc. 11, ¶¶ 97, 99). This purported IIED claim is subject to dismissal because the allegations do not reach the necessary level of outrageousness required to sustain an IIED claim under Florida law. *Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d 1371, 1376 (M.D. Fla. 1999) (dismissing IIED claim based on allegations that employer's store manager rubbed his penis across plaintiff's posterior, rubbed his hand across plaintiff's posterior and squeezed her posterior, often tried to touch or rub plaintiff's breasts, and asked plaintiff how much for a blow job and if she "massage[d] the 'nads'"); *see also Ponton v. Scarfone*, 468 So. 2d 1009, 1010-11 (Fla. 2d DCA 1985) (finding that an ex-employee's allegations that her employer's utterances, "designed to induce her to join with him in a sexual liaison," did not constitute intentional infliction of emotional distress as a matter of law and explaining that "[t]he deportment described in the pleaded facts . . ., condemnable by civilized social standards, does not ascend, or perhaps descend, to a level" so outrageous in character as to go beyond all possible bounds of decency.) Because the allegations in support of Count VII do not constitute IIED as a matter of law, Count VII must be dismissed.

*Conclusion*

The Complaint is a shotgun pleading that fails to state a claim against Boutros and the Entities and should be dismissed. For all of the foregoing reasons, Defendants respectfully request that this Honorable Court enter an order dismissing the Complaint, together with any other and further relief the Court deems just under the circumstances.

>Respectfully submitted,
>ENGLANDER FISCHER
>
>/s/ Beatriz McConnell
>BEATRIZ MCCONNELL
>Florida Bar No. 42119
>Primary: bmcconnell@eflegal.com
>Secondary: tdillon@eflegal.com
>DAVID S. DELRAHIM
>Florida Bar No. 66368
>Primary: ddelrahim@eflegal.com
>Secondary: creeder@eflegal.com
>Secondary: afrederick@eflegal.com
>**ENGLANDER and FISCHER LLP**
>721 First Avenue North
>St. Petersburg, Florida  33731-1954
>(727) 898-7210 / Fax (727) 898-7218
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

Dated:  July 27, 2020.

>/s/ Beatriz McConnell
>*Attorney for Defendants*